UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CESAR PRAXEDIS DE LA GARZA | § | |
| | § | |
| VS. | § | Civil Action No. 2:17-CV-188 |
| | § | |
| TRAFIGURA TRADING, LLC, *et al.* | § | |

**DEFENDANT BIG WEST OIL, LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(a), Defendant Big West Oil, LLC ("BWO") files this Notice of Removal of the present cause from the 117th District Court of Nueces County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Corpus Christi Division. In support thereof, BWO respectfully shows the Court the following:

1. On March 31, 2017, Cesar Praxedis De La Garza ("Plaintiff") filed an Original Petition in cause number 2017DCV-1560-B, wherein he named the following defendants: BWO; Buckeye Texas Hub LLC ("Buckeye Hub"); SMBC Rail Services LLC ("SMBC"); SOXX; TCBX; Sumitomo Mitsui Banking Corporation ("Sumitomo"); Trafigura Trading, LLC ("Trafigura"); and Union Pacific Railroad Company ("Union Pacific"). The Original Petition asserts that Plaintiff and Buckeye Hub are the only Texas residents. ORIGINAL PETITION at ¶¶ 2-11. Plaintiff thus relies on his claim against Buckeye Hub to eliminate complete diversity. *Id*. at ¶ 12. Plaintiff seeks more than $1,000,000 in damages against the defendants. *Id*. at ¶ 64.

2. Plaintiff asserts, in relevant part, the following factual allegations in the Original Petition:

- At all relevant times, Trafigura, SMBC, SOXX, TCBX, Sumitomo, and BWO "had control and/or ownership" of a tank railcar ("the railcar"), "including a right of control over, and a responsibility and legal duty for, the good working condition of the tank railcar and the belly cap of

1

such railcar." *Id.* ¶ 15. Plaintiff does not allege that Buckeye Hub had control and/or ownership of the railcar at all relevant times. *Id.*

- Some time prior to March 5, 2015, the railcar was scheduled to be transported to the "Tauber Oil Company facility," which entailed the railcar going through "the Buckeye Texas Hub marine terminal" along the way. *Id.* at ¶ 16.
- On or about March 5, 2015, BWO allegedly placed petroleum naphtha into the railcar and, thereafter, improperly secured the railcar's belly cap "in such a way that it could not be opened under normal conditions." *Id.* at ¶¶ 17-18. Plaintiff alleges that the belly cap "was in a defective and non-good working condition, was not properly maintained, and was not in good working order" prior to reaching Buckeye Hub's marine terminal. *Id.* at ¶¶ 18-19.
- It was not until the railcar reached Buckeye Hub's marine terminal that Buckeye Hub allegedly "began to have control and possession" of the railcar. *Id.* at ¶ 21. Based on this alleged control and possession, Plaintiff asserts that:
  - Buckeye Hub "failed to properly inspect and identify the defect in the belly cap";
  - Buckeye Hub "had a duty to insure" that the railcar and belly cap were "suitable for opening under normal working conditions";
  - Buckeye Hub "failed to identify the defect in question";
  - Buckeye Hub—despite allegedly having notice of the defect—"failed to take any measures to correct or modify the belly cap where it could be opened under normal conditions"; and
  - Buckeye Hub "breached its duties of providing a railcar that could be opened safely under normal working conditions." *Id.*

2

- Plaintiff contends he was an employee of Buckeye Partners, LP, which "is a distinct and separate legal entity" from Buckeye Hub. *Id*. at ¶¶ 22, 26.

- As a result of the belly cap's alleged defective state and condition, Plaintiff was injured on April 6, 2015 while trying to open the belly cap. *Id*. at ¶ 22.

3. Plaintiff's only cause of action against Buckeye Hub is a negligence claim. *Id*. at ¶¶ 52-57. In setting out that claim, Plaintiff first asserts that Buckeye Hub is liable to him under the doctrine of *respondeat superior*, through which Buckeye Hub is liable "for the conduct or omissions of its employees or agents." *Id*. at ¶ 53. Plaintiff then asserts that Buckeye Hub is liable because it breached its "duty to provide a railcar that was free of defects and that could be opened in the normal course without causing injury." *Id*. at ¶¶ 55-56.

4. BWO was served with notice of Plaintiff's suit on April 12, 2017. Although this case was not removable when originally filed, an opportunity for removal arose on May 5, 2017—the date Buckeye Hub filed its Original Answer. Through numbered paragraph four of the Original Answer, BWO learned for the first time that Buckeye Hub has no employees and that its only connection to the accident is its ownership of the physical assets located at the accident location. This information supports a determination that Plaintiff cannot establish a cause of action against Buckeye Hub and that Buckeye Hub has thus been fraudulently joined. *See Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

5. *First*, Plaintiff cannot establish liability under the doctrine of *respondeat superior* when Buckeye Hub has no employees. *Second*, the Original Petition only supports a determination that Buckeye Hub owed Plaintiff various duties *if* Plaintiff can show that Buckeye Hub actually took possession and/or control of the railcar when it reached the marine terminal. But no such actual possession and/or control can ever be shown since Buckeye Hub has no employees through which possession and/or control could have been taken.

*Lastly*, Plaintiff cannot show that Buckeye Hub had notice of the belly cap's defective state and condition since Buckeye Hub has no employees through which notice could have been taken and imputed to Buckeye Hub. Plaintiff's inability to show that Buckeye Hub had notice of the defective condition means that Plaintiff cannot show that his injuries were foreseeable to Buckeye Hub, thus further bolstering the determination that Plaintiff has no viable negligence claim against Buckeye Hub.

6. Removal is thus proper because Plaintiff joined Buckeye Hub solely to defeat diversity jurisdiction. *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). There is no reasonable basis for believing that Plaintiff could recover from Buckeye Hub in state court. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376-77 (5th Cir. 2006).

7. The Fifth Circuit Court of Appeals and the district courts under its umbrella have recognized that removal may be taken under 28 U.S.C. § 1446(b)(3) when a non-diverse defendant files an answer in state court from which the removing party can ascertain that the non-diverse defendant has been fraudulently joined. *See, e.g., Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Reynero v. Texas Roadhouse, Inc.*, No. 5:14-CV-4, 2014 WL 1569413, at *6 (S.D. Tex. Apr. 9, 2014). Accordingly, BWO's reliance on Buckeye Hub's Original Answer to justify removal is proper.

8. BWO is timely filing this notice of removal. BWO did not learn that Buckeye Hub had no employees until May 31, 2017, which is the date BWO was served with Buckeye Hub's First Amended Answer. Though Buckeye Hub's Original Answer filed on May 5, 2017 stated that Buckeye Hub had no employees, BWO was not served with this pleading because BWO did not appear in the suit until May 15. Thus, the earliest date in which one could reasonably argue that BWO knew or should have known the suit was removable is May 15. This notice of removal is being timely filed within thirty days of that date—i.e., on or before June 14, 2017.

9. All defendants who have been properly joined and served join in or consent to the removal of this case to federal court. 28 U.S.C. § 1446(b)(2)(A).

10. Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).

11. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

12. BWO will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

13. Plaintiff did demand a jury in the state-court suit.

### CONCLUSION

For these reasons, BWO asks the court to remove the suit to the United States District Court for the Southern Division of Texas, Corpus Christi Division.

Respectfully submitted,

/s/ *Raymond L. Thomas*
Raymond L. Thomas
State Bar No. 19865350
Federal ID No. 10715
rthomas@ktattorneys.com

**OF COUNSEL:**

**KITTLEMAN THOMAS, PLLC**
4900-B North 10th Street
McAllen, Texas 78504
p. 956.632.5033
f. 956.630.5199

*Attorney in Charge for Defendant Big West Oil, LLC*

## **CERTIFICATE OF SERVICE**

On June 5, 2017, a true and correct copy of this document was served on all attorneys of record in accordance with the Federal Rules of Civil Procedure.

Brad Whalen
bwhalen@porterhedges.com
*Counsel for Buckeye Texas Hub LLC*

Brett Anthony
banthony@anthony-peterson.com
Douglas P. Peterson
dpeterson@anthony-peterson.co
Wesley R. Vasquez
wvasquez@anothony-peterson.com
Daniel F. Horne
danielfhorne@gmail.com
*Counsel for Plaintiff*

Norton A. Colvin Jr.
na.colvin@rcclaw.com
Alison W. Colvin
aw.colvin@rcclaw.com
*Counsel for Union Pacific Railroad Company*

Kenneth E. Broughton
kbroughton@reedsmith.com
John A. Guerra
jguerra@bpgrlaw.com
*Counsel for Trafigura Trading, LLC*

/s/ **Raymond L. Thomas**
Raymond L. Thomas