UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CESAR PRAXEDIS DELAGARZA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-188 |
| | § | |
| TRAFIGURA TRADING LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING MOTION TO REMAND

Plaintiff Cesar Praxedis DeLaGarza (DeLaGarza) moves to remand this personal injury matter to the Texas state court in which it was originally filed. D.E. 17. For the reasons set forth below, the motion to remand (D.E. 17) is GRANTED, and the request by Defendant Big West Oil, LLC (Big West) to conduct discovery into whether Defendant Buckeye Texas Hub LLC (Buckeye Texas) was improperly joined (D.E. 20, pp. 10–11) is DENIED. Big West's motion to strike portions of the affidavit filed in support of DeLaGarza's motion (D.E. 21) is DENIED AS MOOT. Accordingly, this case is REMANDED to the 117th Judicial District Court of Nueces County, Texas.

### FACTS

DeLaGarza worked as a marine terminal operator at the Buckeye Texas marine terminal in Corpus Christi, Texas. D.E. 1-7, p. 7. He claims that he was injured while trying to remove a defective "belly cap" attached to a tank railcar containing the chemical petroleum naphtha. *Id*. at 5, 6. Buckeye Texas, among others, allegedly caused DeLaGarza's injuries through negligent acts or omissions. *Id*. at 7.

1

On June 5, 2017, Big West removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. D.E. 1. It is undisputed that the amount in controversy meets the requirement of § 1332(a). However, it is further undisputed that both Plaintiff DeLaGarza and Defendant Buckeye Texas are Texas citizens for jurisdictional purposes. This lack of diversity ostensibly eliminates complete diversity, preventing removal to federal court. D.E. 1, p. 1. In removing the case, Big West asserts that because Buckeye Texas is improperly joined, its citizenship need not be considered and the case is therefore removable on the basis that the remaining Defendants are diverse. *See, e.g.*, *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).

## STANDARD OF REVIEW

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* This strict construction rule arises because of significant federalism concerns and "'due regard for the rightful independence of state governments.'" *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc); *see also McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). The removing party may prove improper joinder by demonstrating: "'(1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a

2

cause of action against the non-diverse party in state court.'" *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis*, 326 F.3d at 647); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Here, only the second method of proving improper joinder is at issue.

Therefore, removal will be permitted only if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see also Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005) ("We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so."). "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. The statement of a claim that ultimately lacks merit is not equivalent to an improper joinder of the defendant. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007).

So for purposes of determining jurisdiction, "[t]he question of whether the plaintiff has set forth a valid claim against the in-state defendant(s) should be capable of summary determination." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. Unit A 1981); *see also Smallwood*, 385 F.3d at 574 (approving "simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined"). The court "need not and should not conduct a full scale evidentiary hearing on questions of fact affecting the ultimate issues of substantive liability." *B., Inc.*, 663 F.2d at 551.

3

## DISCUSSION

### A. Buckeye Texas' Alleged Lack of Employees

Big West's fraudulent joinder argument first rests on giving dispositive force to Buckeye Texas' responsive pleading that it "has no employees." D.E. 1-16, p. 2. Without employees, the argument concludes that Buckeye Texas: (1) cannot be held liable for claims sounding in respondeat superior; (2) could not have attained "actual possession and/or control" of the rail car containing the allegedly defective belly cap; and (3) could not have had notice of the belly cap's alleged condition. D.E. 1, pp. 3–4. According to Big West, DeLaGarza thus has no hope of establishing a negligence claim against Buckeye Texas, making it an improper party to this action.

The Court disagrees. It is well-established that a bare allegation in a defendant's pleading does not constitute proof of any fact, much less a fact that the plaintiff disputes. *See generally* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1286 (3d ed. 2004). It is further contrary to the standard of review to construe any facts against remand. *Travis*, 326 F.3d at 649; *see also Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."). The Court rejects Big West's argument that Buckeye Texas' pleading that it has no employees should be construed to eliminate DeLaGarza's claim against Buckeye Texas.

Even assuming for purposes of argument that Buckeye Texas in fact has "no employees," DeLaGarza alleges that he suffered his injuries as a result of negligence by, among others, "employees, agents, officers, representatives or servants of" Buckeye

4

Texas, a broader category than simply "employees." D.E. 1-7, pp. 12–13. And Buckeye Texas admits that it contracts with Buckeye Pipe Line Services Company (Buckeye Pipe Line) to benefit from the services of Buckeye Pipe Line employees. D.E. 1-16, p. 2. Nothing in Big West's removal briefing addresses whether Buckeye Texas may be liable for the actions of these workers, who admittedly labor on Buckeye Texas' behalf. Because Big West fails to address liability based on the actions of these workers, its challenge is incomplete and it fails to satisfy its removal burden to show no possibility of a claim against Buckeye Texas.

Moreover, Buckeye Texas cannot conclusively eliminate negligence liability by calling its remaining worksite personnel "third party contractors." D.E. 1-16, p. 2. Under Texas law, denominating a party as an independent contractor does not prevent a finding that it is, in fact, an employee. *See Newspapers, Inc. v. Love*, 380 S.W.2d 582, 590 (Tex. 1964). The dispositive fact issue involves who has actual and/or retained control over the work. *See, e.g.*, *Thompson v. Travelers Indem. Co. of R.I.,* 789 S.W.2d 277, 278 (Tex. 1990). Whether Buckeye Texas had sufficient control over those employees to trigger duties to DeLaGarza is a question that Big West has not attempted to address. Thus it has not met its burden to show improper joinder upon removal.

## B. DeLaGarza's Workers' Compensation Claim

As another method for demonstrating improper joinder, Big West contends that DeLaGarza's claim against Buckeye Texas is barred by the exclusive remedy provisions of 33 U.S.C. § 905(a) and/or Texas Labor Code § 408.001. DeLaGarza's pleading alleges that he filed a claim under the Longshore and Harbor Workers' Compensation

Act, 33 U.S.C. § 901 *et. seq.*, against non-party Buckeye Partners, L.P. (Buckeye Partners), which he identifies as his employer. D.E. 1-7, p. 7. The caption of a deposition transcript attached to his motion for remand, however, names a different entity, Buckeye Ltd., as appearing in DeLaGarza's benefits matter. D.E. 17-4. Buckeye Texas, for its part, pled that Buckeye Pipe Line is actually DeLaGarza's employer, but that Buckeye Texas may also be deemed DeLaGarza's employer because Buckeye Texas and Buckeye Pipe Line are covered by the same workers' compensation policy. D.E. 1-16, pp. 1–2.

Nothing in this record explains the variance between the reference to Buckeye Partners in DeLaGarza's pleading, the appearance of Buckeye, Ltd. in the deposition transcript, and Buckeye Texas' claim that Buckeye Pipe Line and Buckeye Texas were DeLaGarza's employers. Big West has not supplied evidence that any compensation claim was filed against Buckeye Pipe Line. Furthermore, there is no evidence to demonstrate the alleged connection between Buckeye Pipe Line and Buckeye Texas that would justify a summary determination that Buckeye Texas was also DeLaGarza's deemed employer for workers' compensation purposes. As set out above, Buckeye Texas' status as anyone's employer goes to the merits and is not susceptible to summary disposition on a motion for remand. Thus the record does not support a conclusion that DeLaGarza's claim is barred by either federal or state exclusive remedy provisions contained in workers' compensation statutes. The Court rejects this improper joinder argument.

### C. Big West's Claim of Federal Preemption

For the first time in its response to the motion for remand, Big West argues that DeLaGarza's claims, based upon state law, cannot survive federal preemption, providing an alternative reason for a finding of improper joinder. This argument was prompted by DeLaGarza's reliance upon the affidavit of Patrick F. Reilly (Reilly) in his motion for remand. *See* D.E. 17, pp. 6–10. In that affidavit, Reilly purports to testify as an expert regarding certain federal regulations relating to railroad industry safety standards for "receiving facilities," "transloading facility operators," and "hazmat employers." *See* D.E. 17-3. DeLaGarza contends these federal standards supply the duties of care Buckeye Texas allegedly violated. D.E. 17, p. 3.[1]

Big West argues, instead, that DeLaGarza's state law claims are preempted in their entirety by the Federal Railroad Safety Act (FRSA), 49 U.S.C. § 20101, *et. seq.* D.E. 20, pp. 9–10.[2] The Court holds that Big West's preemption argument is contrary to the express provisions of federal law on railway safety.

---

[1] A preliminary question is whether the Court may appropriately consider the role of federal law in DeLaGarza's state tort claim when DeLaGarza did not reference federal law in his complaint. Generally, "[p]ost-removal filings may not be considered . . . when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)); *see also Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, No. 6:16-cv-0003, 2016 WL 2756589, at *3 (S.D. Tex. May 9, 2016) ("'[W]hether an action should be remanded to state court must be resolved by the district court with reference to the complaint, the notice of removal, and the state court record at the time the notice of removal was filed.'" (quoting 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3739 (4th ed. 2016))). The Court agrees with DeLaGarza, however, that the references to federal law in the Reilly affidavit do not present a different cause of action or theory from the negligence claim alleged in state court. Rather than suggesting that federal regulations supplant state law, DeLaGarza and Reilly contend that federal law supplies the standards by which the state law negligence claims are to be adjudicated. D.E. 25, p. 3. Thus, DeLaGarza has not raised any "new causes of action or theories." *Griggs*, 181 F.3d at 700.

[2] The Court notes that, while the regulations referenced in Reilly's affidavit were promulgated under the Hazardous Materials Transportation Act (HMTA), 49 U.S.C. § 5101 *et. seq.*, the parties' briefing addresses preemption under the FRSA, an approach that finds support in dicta from the Supreme Court and other persuasive authorities. *See CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 663 n.4 (1993) (preemption provision of FRSA applied to "any

7

Section 20106 of Title 49 of the United States Code having to do with transportation and rail program safety, specifically states:

> (b) Clarification regarding State law causes of action.—
>
> (1) Nothing in this section shall be construed to preempt an action under State law seeking damages for personal injury, death, or property damage alleging that a party—
>
> (A) has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), covering the subject matter as provided in subsection (a) of this section;[3]
>
> (B) has failed to comply with its own plan, rule, or standard that it created pursuant to a regulation or order issued by either of the Secretaries; or
>
> (C) has failed to comply with a State law, regulation, or order that is not incompatible with subsection (a)(2).

49 U.S.C. § 20106(b). This provision was added by the "Implementing Recommendations of the 9/11 Commission Act of 2007." Pub. L. No. 110-53, § 1528, 121 Stat. 266 (2007); *see also Gauthier v. Union Pac. R.R. Co.*, 644 F. Supp. 2d 824, 835

---

regulation 'adopted' by the Secretary [of Transportation] . . . , regardless of the enabling legislation"); *see also CSX Transp., Inc. v. Pub. Utils. Comm'n of Ohio*, 901 F.2d 497, 501 (6th Cir. 1990); *Bradford v. Union Pac. R.R. Co.*, 491 F. Supp. 2d 831, 839 (W.D. Ark. 2007) ("[A] regulation affecting railroad safety promulgated pursuant to the HMTA takes FRSA's preemptive effect."); *In re Montreal Me. & Atl. Ry., Ltd.*, No: 1:15-mc-22-NT, 2015 WL 3604335, at *7 (D. Me. June 8, 2015) ("[T]he FRSA preemption scheme applies in precisely the same way to [Department of Transportation] railroad regulations promulgated under the HMTA as it does to [Department of Transportation] railroad regulations promulgated under the FRSA."). Even if the Court were to consider preemption under the HMTA, on these facts, the weight of persuasive authorities indicates remand is nonetheless proper. *See, e.g.*, *Riley v. Ala. Great S. R.R. Co.*, No. CIV.A. 02-1620, 2002 WL 31175209, at *4 (E.D. La. Sept. 27, 2002) (ordering remand of state tort claims because compliance with HMTA regulations "is an affirmative defense . . . , to be presented to the state court on remand"); *Whitfield v. Triad Trans., Inc.*, No. 4:07CV01206-SWW, 2008 WL 139082, at *2 (E.D. Ark Jan. 10, 2008) (ordering remand, even though negligence claims "may require reference to HMTA regulations").

[3] Section 20106(a) refers broadly to "[l]aws, regulations, and orders related to railroad safety and . . . railroad security."

(E.D. Tex. 2009). The plain language of the statute demonstrates that a state law claim is not preempted, even if it relies upon federal standards to establish a defendant's duties. *See Stevenson v. Fort Worth & W. R.R. Co.*, No. 3:15-CV-0625-B, 2015 WL 3884645, at *2–3 (N.D. Tex. June 24, 2015) (no federal jurisdiction over negligence claims premised on alleged violations of federal railroad safety regulations).

Big West's preemption argument relies on: *In re Derailment Cases*, 416 F.3d 787, 794 (8th Cir. 2005); *Lundeen v. Canadian Pac. Ry. Co.*, 507 F. Supp. 2d 1006, 1015 (D. Minn. 2007) (issued February 2, 2007); *Union Pac. R.R. Co. v. Johnstown Axel Corp.*, No. 4:07CV238-HEA, 2007 WL 1174845, at *4 (E.D. Mo. Apr. 20, 2007); *Mehl v. Canadian Pac. Ry., Ltd.*, 417 F. Supp. 2d 1104, 1116 (D.N.D. 2006); *Olberding v. Union Pac. R.R. Co.*, 454 F. Supp. 2d 884, 887 (W.D. Mo. 2006); and *Mayor & City of Balt. v. CSX Transp., Inc.*, 404 F. Supp. 2d 869, 875 (D. Md. 2005). These opinions were issued prior to the August 3, 2007 passage of the preemption clarification amendment. Big West offers nothing in support of applying the analysis of those cases to the law as it exists after the 2007 amendment. The Court rejects Big West's preemption argument as directly contrary to the statute.

### D. Motion to Strike the Reilly Affidavit

Big West also moves to strike portions of the Reilly affidavit on the grounds that Reilly impermissibly states legal conclusions and offers opinions that are not based on specialized knowledge or supported by sufficient facts or data. D.E. 21, pp. 2–3. However, it is not necessary for purposes of this proceeding to assess Big West's objections to the Reilly affidavit.

While the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether a plaintiff has any reasonable basis of recovery against the in-state defendant,[4] it is unnecessary to do so in this case because Big West has not carried its burden of showing that there is any fatal defect in DeLaGarza's claims on their face. Thus the Reilly affidavit is not necessary to support DeLaGarza's claims. As the Court finds no reason to consider the substance of the contested affidavit, there is no need to address Big West's objections to it. The Court DENIES AS MOOT Big West's motion to strike portions of the affidavit (D.E. 21).

**E. Big West's Request for Leave to Conduct Discovery**

Big West requests leave to conduct discovery into Buckeye Texas' joinder, reciting as areas of inquiry (1) Buckeye Texas' status as a "receiving facility" or "transloading facility operator" under federal law; (2) whether any Buckeye Texas employees were present at the accident site; (3) the extent of Buckeye Texas' control over its subcontractors at the site; and (4) whether DeLaGarza's workers' compensation claim provides his sole means of recovery. D.E. 20, pp. 10–11.

Discovery into improper joinder ordinarily "should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Smallwood*, 385 F.3d at 574. Rather than the merits, the discovery should concern "discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573–74. "[D]iscrete and undisputed facts" are those that, if true, would necessarily defeat the claim against the in-state defendant. *See id.* at 574

---

[4] *See, e.g.*, *Travis*, 326 F.3d at 648–49.

n.12. The Court must avoid "the danger of being drawn into a full-blown resolution of the merits at the jurisdictional stage." *Garcia v. Ford Motor Co.*, No. 1:12-CV-181, 2013 WL 12137090, at *7 (S.D. Tex. May 10, 2013).

Here, the discovery Big West requests goes to the merits and exceeds the scope of the Court's determination of the propriety of removal and remand. *See, e.g.*, *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, No. 4:09-CV-712-Y, 2010 WL 7526986, at *3 (N.D. Tex. Fed. 24, 2010) (rejecting "broad, merit-related discovery" into improper joinder); *see also Watkins v. Gen. Motors, LLC*, No. H-11-2106, 2011 WL 3567017, at *3 (S.D. Tex. Aug. 12, 2011) (ordering remand because "this early stage is not the time to resolve a central disputed fact in this case"). Questions regarding Buckeye Texas' duties to DeLaGarza, its control over worksite personnel, and its workers' compensation policy coverage are fact-intensive determinations that go to the merits of Buckeye Texas' liability and thus cannot be resolved on a motion to remand. Big West's request for limited discovery is therefore DENIED.

## CONCLUSION

For the foregoing reasons, the Court concludes that Big West has not sustained its burden to demonstrate that DeLaGarza has no viable claim against Buckeye Texas and that Buckeye Texas is improperly joined. Consequently, removal based upon diversity jurisdiction is improper. DeLaGarza's motion to remand (D.E. 17) is GRANTED, Big West's request for discovery (D.E. 20, pp. 10–11) is DENIED, and Big West's motion to strike (D.E. 21) is DENIED AS MOOT. The Court ORDERS this action REMANDED

to the 117th Judicial District Court of Nueces County, Texas, the court from which it was removed. The Court instructs the Clerk to terminate this federal action.

ORDERED this 26th day of September, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE